FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 JAN 20   AM 9: 46

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _L. Flbyder_

STATESBORO DIVISION

SO. DIST. OF GA.

PAMELA MOORE,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   CV 604-136
                                       )
JO ANNE B. BARNHART,                   )
Commissioner of Social Security,       )
                                       )
        Defendant.                     )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff Pamela Moore appeals the decision of the Commissioner of Social Security

("Commissioner") denying her application for disability insurance benefits under the Social

Security Act.  Upon consideration of the briefs submitted by both parties, the record

evidence, and the relevant statutory and case law, the Court **REPORTS** and

**RECOMMENDS**, pursuant to sentence four of Title 42, United States Code, Section 405(g),

that the case be **REMANDED** to the Commissioner for disposition in accordance with this

Recommendation.

## I. BACKGROUND

Plaintiff applied for disability benefits on June 20, 2002, alleging an onset date of

January 2, 2002. Tr. 83. She alleged disability due to a back injury. Id. The Social Security

Administration denied plaintiff's application and her request for reconsideration.  Plaintiff

then requested a hearing before an Administrative Law Judge ("ALJ").  After a hearing at

which plaintiff, represented by counsel, testified on her own behalf, the ALJ issued an

partially unfavorable decision dated January 12, 2004.  Tr. 22-29.

Applying the five-step sequential process required by Title 20, Code of Federal

Regulations, Section 404.1520(f), the ALJ found:

1.     The claimant has not engaged in substantial gainful activity since January 2, 2002.

2.     The medical evidence establishes that the claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine and osteoarthritis.

3.     These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.     From the January 2, 2002, alleged onset date, to November 23, 2003, the claimant retained the residual functional capacity to perform less than sedentary exertional level work.  The claimant was unable to do sustained full-time work activities in an ordinary work setting on a regular and continuing basis.  Beginning November 24, 2003, through the date of this decision, the claimant retains the residual functional capacity to perform light exertional level work.

5.     The claimant is unable to perform the requirements of her past relevant work.  Considering the claimant's additional limitations from her alleged onset date, January 2, 2002, to November 23, 2003, she could not make an adjustment to any work that existed in significant numbers in the national economy; a finding of "disabled" is therefore reached within the framework of medical-vocational rule 201.14.  Beginning November 24, 2003, through the date of this decision, the claimant has the residual functional capacity to perform substantially all of the full range of light work.

The ALJ concluded that "[t]he claimant has been under a 'disability' as defined in the Social

2

Security Act, from her alleged onset date of January 2, 2002, to November 23, 2003, but not thereafter." Tr. 28-29.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ erred in failing to evaluate her subjective complaints of pain after November 24, 2003, and in rejecting the opinion of a treating physician.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).

Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff first contends that the ALJ failed to evaluate properly her subjective complaints of pain. The Eleventh Circuit has determine that:

> a three part 'pain' standard applies when a claimant attempts to
> establish disability through his or her own testimony of pain or other
> subjective symptoms. The pain standard requires (1) evidence of an

4

> underlying medical condition and either (2) objective medical
> evidence to confirm the severity of the alleged pain arising from that
> condition or (3) that the objectively determined medical condition
> must be of a severity which can reasonably be expected to give rise
> to the alleged pain.  The standard also applies to complaints of
> subjective conditions other than pain.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citations omitted); accord Jackson

v. Bowen, 873 F.2d 1111, 1114 (11th Cir. 1989); Landry v. Heckler, 782 F.2d 1551, 1553-54

(11th Cir. 1986).  If plaintiff has a medically determinable ailment that reasonably can be

expected to produce the symptoms alleged, the ALJ must evaluate the intensity and

persistence of the symptoms to determine the extent to which the symptoms limit plaintiff's

capacity to work.  20 C.F.R. §§ 404.1529(c), 416.929(c).

It is reversible error, however, if complaints of subjective pain are disregarded simply

because they are not supported by objective clinical and laboratory medical findings.  Gibson

v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  The ALJ "must necessarily review the

medical evidence and make a credibility determination in assessing the claimant's disability

on the basis of pain."  Id. at 624.  If the ALJ decides not to credit a claimant's subjective

testimony, he must discredit it explicitly and articulate his reasons for doing so.   Brown v.

Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991).

In this case, the ALJ credited plaintiff's subjective complaints of pain, along with

other evidence of record, in determining that she was disabled from her alleged onset date

of January 2, 2002, until November 23, 2003.  Tr. 25.  On November 24, 2003, plaintiff

visited the rheumatology clinic at the Medical College of Georgia and complained of neck

pain secondary to osteoarthritis, degenerative disk disease, and lumbar strain.  Tr. 226.

5

According to the report of the visit, plaintiff "stat[ed] that she has been doing about the same." Id. The clinic diagnosed her with osteoarthritis and degenerative disk disease of the cervical and lumbar spine. Id. The ALJ considered the report of this November 23, 2003, clinic visit, along with plaintiff's testimony regarding her daily living activities and the reports of state agency consultants, and determined that, as of November 24, 2003, plaintiff was capable of light exertional work. Tr. 26.

A Social Security claimant who an ALJ recognizes as once disabled might, over time, regain the capacity for light exertional work. An ALJ, however, should state the rationale behind his finding of non-disability in such a case just as he would in a case where a claimant was never found disabled. Here, it is unclear from the ALJ's opinion or the record the medical reasons for plaintiff's improved condition, nor does there appear to be any stimulus (such as surgery)[1] that might result in improvement in the condition of plaintiff's back and neck. Instead, the ALJ relies on a terse two-page medical report and on plaintiff's testimony concerning her daily living activities. The report from the Medical College of Georgia yields little evidence of plaintiff's residual functional capacity as of the date of the visit. While plaintiff's daily living activities are probative of her ability to perform light exertional work, the ALJ did not elicit testimony of her daily living activities prior to November 24, 2003, in order to determine whether improvement in her condition had occurred. Both the record and the ALJ's opinion are deficient in objective medical evidence to warrant the determination that plaintiff lost her disability status on November 24, 2003.

_____

[1] According to the record, plaintiff last underwent surgery on January 2, 2002. Tr. 290.

As to plaintiff's complaints of pain, the ALJ neglected to address plaintiff's credibility in making such complaints after November 24, 2003.  Plaintiff's visit to Medical College of Georgia on November 23, 2003, was precipitated by neck pain, and she stated to her doctor that "she has been doing about the same," Tr. 226, which suggests that her pain complaints remained unchanged.  The ALJ's failure to address plaintiff's subjective complaints of pain for the period on which he found no disability is error and warrants remand under sentence four of Section 405(g).[2]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of Section 405(g), that the case be **REMANDED** to the Commissioner for disposition in accordance with this Recommendation.

SO REPORTED and RECOMMENDED this 20th day of January, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Because the Court recommends that this case be remanded so that an ALJ may consider plaintiff's pain complaints, the Court does not address the other contentions in plaintiff's complaint.